No. 39,007

WILLIAM H. THOMAS, *Appellee*, v. GENE MOREHEAD and GEORGE MOREHEAD, *Appellants*.

No. 39,008

HAROLD THOMAS, *Appellee*, v. GENE MOREHEAD and GEORGE MOREHEAD, *Appellants*.

(259 P. 2d 195)

Opinion filed July 6, 1953.

N. J. *Ward* and Percy H. *Collins, Jr.*, both of Belleville, were on the briefs for the appellants.

Fred D. *Swoyer*, of Belleville, was on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: Each of these consolidated cases is an appeal from an order overruling a demurrer to the amended petition in an action for damages arising out of an automobile collision.

The collision is alleged to have been the direct and proximate result of the negligence of defendants in leaving their unlighted and unattended truck on the traveled portion of a county highway in the nighttime in violation of G. S. 1949, 8-570, 8-581, 8-586 and 8-5,108. The vehicle which crashed into the left rear end of the truck was being driven by Harold Thomas, plaintiff in case No. 39,008, and his father, William, plaintiff in the other case, was riding with him as a passenger. The son's action is for damages for his personal injuries, and the father's is for damages for his personal injuries and for damage to the vehicle in which he was riding, of which he was a co-owner. It is alleged that as the vehicle in which plaintiffs were riding came over the crest of a hill approximately 300 feet west of the parked truck it was suddenly confronted with the lights of an approaching automobile, resulting in a sudden and temporary "blindness" of plaintiff driver, rendering the unlighted parked truck invisible until too late to avoid running into it.

To each of the petitions defendants directed a motion to make more definite and certain. These motions were sustained in part and overruled in part, whereupon amended petitions were filed. Defendants then demurred to each of the amended petitions on the ground that neither stated a cause of action in favor of plaintiff and against defendants or either of them. As stated, these demurrers were overruled and defendants have appealed.

The specifications of error are that in each case the court erred in overruling in part the motion to make the petition more definite and certain, and erred in overruling the demurrer to the amended petition.

We shall not labor this opinion by setting out the portions of the motions to make more definite and certain which were overruled. We have examined them. For the most part they sought to compel plaintiffs to plead matters of evidence which they were under no duty to do. The court did not err in its rulings with respect to the motions.

The thread of defendants' argument as to the demurrers is that the allegations of the amended petitions show on their face that plaintiffs were guilty of contributory negligence as a matter of law,

and we are cited to a number of "bright lights" cases, including *Towell v. Staley,* 161 Kan. 127, 166 P. 2d 699, and *Drennan v. Penn. Casualty Co.,* 162 Kan. 286, 176 P. 2d 522, as being in support of their position.

It would serve no useful purpose and would add nothing to the body of our law on the subject to detail the allegations of the amended petitions. The court has examined them and is convinced defendants' contentions are without merit. Defendants are fairly apprised of the facts and circumstances of the collision and of the negligence relied upon by plaintiffs as a basis for recovery. The matters pleaded are properly justiciable by a trier of facts and not by this court on demurrers to the amended petitions.

The rulings and orders of the lower court are therefore affirmed.